Thank everyone for your indulgence. We'll move to the third case of the day, which is 20-13849 AFC Franchising v. Purugganan. We have Mr. Leek here for AFC, Mr. Plant here for Mr. Purugganan. Mr. Plant, am I pronouncing your client's name correctly? You are, Judge. Very well. Okay, fire away, Mr. Leek. Good morning, and may it please the Court. My name is Joe Leek, and I represent AFC Franchising, LLC, whose principal place of business is in Shelby County, Alabama. I'll reference them as AFC. This case is simply about a party's right to enforce an assignment clause. Facts are undisputed. The main part of the facts involve a contract entered in August of 2009 between Doctors Express Franchising, LLC, at that time the Maryland Limited Liability Company, located in Towson, Maryland, and Mr. Purugganan. This was a master development agreement which allowed Mr. Purugganan to go out and to develop franchises on behalf of Doctors Express in territories located in New York and Connecticut. Mr. Purugganan also had a second contract not at issue, which allowed him to operate actual franchises as well, but this was a little bit broader, which allowed him to develop. The contract term was up to 35 years. Initial term of 15, four add-ons of five years, if possible. It had three provisions in it that are important to our inquiry today. Paragraph 15 of the contract, which is found on page 46 of the record, is transfer by us. And within this contract, Doctors Express is defined as we, us, our. And in the contract, Mr. Purugganan is defined as you and your. And so you'll never find their names after the initial paragraph until you get to the signature page at the very end. So under 15, transfer, we, Doctors Express, may change our ownership or form and or assign this agreement and any other agreement to a third party without restriction. It did not require Mr. Purugganan's consent to assign this contract to a third party. Under 19.6, the party stipulated in the contract that all claims arising from the relationship between us and you will be governed by the laws of the state of Maryland without regard to its conflict law rules. And then the key paragraph, 19.7, the next one, consent to jurisdiction. This is the one we hear about, and this is what we refer to in our brief as the floating form selection clause. It states you and your owners agree that all actions arising under this agreement or otherwise as a result of a relationship between you and us must be commenced in the state or federal court of competent jurisdiction within such state or judicial district in which we have our principal place of business at the time the action is commenced. And you and each owner irrevocably submit to the jurisdiction of those courts and waive any objection you or the owner might have to either jurisdiction of or venue in those courts. One paragraph down from 19.7 to 19.9, binding effect. This agreement is binding upon us and you and our respective executors, administrators, heirs, beneficiaries, permitted assigns, and successors in interest. In 2013, the contract was assigned by Doctors Express or one of its entities to AFC. AFC at that time became we, us, our in the contract. Well, that's the heart of the dispute, right? I mean, you can't just assert that as if it's fact, right? Well, Judge, I don't think it's disputed because if the contract wasn't assigned, Mr. Perugin couldn't enforce it. And that's the heart of the issue is Mr. Perugin is seeking to enforce the contract, the certain provisions of the contract, which clearly were assigned. No one disputes it wasn't assigned, but under the terms of it, if it wasn't assigned and AFC didn't become we, us, our, then none of the provisions could apply because they all refer to we, us, our. They don't refer to Doctors Express and in each paragraph state and our assigns. It's a blanket assignment and it's a blanket provision. So it's either all assigned or it's none of it's assigned. One is the definition of we, us, our referred to affiliate without referring to assigns. Affiliates can be different than assigns. So you could have an affiliate... Excuse me, Judge. Affiliates is different from assigns. Yes. You can have an affiliate without an assign. I can have an affiliated, I can have a sister corporation or a wholly owned subsidiary maybe operating as an affiliate and affiliate is defined. But we, us, our, if it doesn't include assigns, that means throughout the entire document, the drafter would have had to state in each one of those rather than using a blanket statement such as binding effect, this is binding upon our executors, administrators, heirs, beneficiaries, permitted assigns. I'd have to repeat that in every paragraph. And so as an example, and I'm jumping ahead. When you say, Counsel, when you say agreement is binding upon us and our permitted assigns, that doesn't mean that the jurisdiction in venue is where someone who is no longer a party to the agreement has their principal place of business or doesn't. It has to, Your Honor. And I say that because if we take it out of context, if we choose to take one provision out of context and we choose to apply, we apply a different standard in 19.7 than we do any other paragraph in the contract, then you could argue under any provision, and I'll give you an example, under 19.8, which is the waiver of punitive damages in jury trial, it states that we and you irrevocably waive trial by jury in any action, proceeding or counterclaim, whether at law or in equity, brought by either of us. So if a seed is not a seed to weed us out throughout the contract, then any provision, including that one, could be argued that it's not effective because the drafter did not use we or our assigns, we or our successors in interest. So there's no dispute that the contract was assigned. It's just whether every element of the contract is acceded to by AFC as we, us, our. And so these parties operated as we, us, our for six years, from 2013 to 2019. So Mr. Perugin didn't just wake up one day and say, who are these guys in Shelby County I'm dealing with? They had transacted business under this contract as we, us, our, you, and your. And then in 2019, a dispute arose, and AFC ended up filing declaratory judgment action in Shelby County to determine the enforceability of the provision of 19.7 and to also go ahead and address the issue concerning the exclusivity within one of its territories. So that was filed, was removed to a federal court, and on a motion to dismiss, the court granted the motion to dismiss based on personal jurisdiction. And the court found that because Mr. Perugin asserted he did not consent to jurisdiction in Alabama, and he could not have foreseen jurisdiction in Alabama under 19.7, the court didn't have personal jurisdiction. Our argument was to adopt IFC credit rationale, and that is in a floating venue provision like this, it is foreseeable that you can be hailed into court anywhere where the principal place of business of we, us, our could be. Do I remember correctly though that in IFC, the clause actually did refer to assignees? It did. It referenced, it used the term or our assignees. And that's what the court seized on in differentiating the two. And so the court stated specifically that, and I'll read, at the time of execution of the MDA, the principal place of business of Doctors Express was in Maryland. The MDA contains no provision in the form selection paragraph agreeing to assign these place of business as a proper form. Alabama was not a venue that could have possibly been agreed to or contemplated by a Peruginan. If the original parties to the MDA had intended that any assignee in the future should be permitted to assert that an action be brought in the state of its principal offices, the MDA could and should have so provided. And so it felt that AFC was trying to reword the contract when quite to the contrary, if the contract is assigned, AFC has to accede to we, us, our throughout the contract or it's not a valid assignment. And no one disputes it was a valid assignment of the contract. So we disagree also, even though we say Mr. Peruginan's reasonable expectations are irrelevant because I think everyone should agree that if the form venue, if the form clause is effective, then it's going to confer personal jurisdiction. And so if it is effective, it's irrelevant as to whether Mr. Peruginan could have reasonably foreseen being held in the court in Alabama. And I would ask the court to consider this. Let's say, for example, Doctors Express had never assigned this contract to AFC and AFC started doing business with Mr. Peruginan under this contract. Let's just assume Doctors Express moved to Birmingham, Alabama. Could Mr. Peruginan make the same argument that he could not reasonably have been expected to be held in the court in Alabama? I don't think so. Because it clearly states that it is the court of the principal place of business. So in a franchising contract, this venue provision was bargained for twice. It was bargained for in the first transaction between Mr. Peruginan and Doctors Express and then it was bargained for when Doctors Express conveyed it to AFC. And from a franchisor standpoint, it's one of the most important parts of the contract because the franchisor is a hub and spoke relationship. You have the franchisor in the center and you have the spokes being franchisees and the MDA partners. And it's expected that in 25 or 30 years, that wheel can move on down the road. You don't need the venue being the location in which the wheel was five years ago, 10 years ago. It's sort of a living document and it anticipates that in this type of business, it is a sophisticated commercial contract. And in this type of business, these companies often sell to each other, they consolidate, and it's something that any franchisor looks at to make sure that they're not going to get strung out across the country by taking over some of these franchises. So as I stated, we think it's a pretty simple summary that if under the law, federal and Maryland law, the validity of this form selection clause is plain and enforceable, we believe it is. And that if the assignment clause is clear and unambiguous, and it is, that it can be assigned freely and that the assignee has all the rights under the document. Then the assignment of the MDA to AFC was valid, it's enforceable, and it didn't require Mr. Perugin's consent. The form selection clause then conveyed personal jurisdiction on Mr. Perugin and in Alabama. But the district court's ruling frustrated the purpose of the contract. It basically overruled the assignment clause without stating it. And I think they blended some international issue factors in in doing so. When it's just strictly, this is just pure contract construction. Is it clear and unambiguous? Was it assigned? So for these reasons, Your Honor, we submit the case should be reversed. Very well. Thank you so much, Mr. Lake. You'll have two minutes remaining for rebuttal. Mr. Plant, you've got 15 minutes. Thank you, Judge Aduso. May it please the Court. Form selection clauses are enforceable because the parties on both sides offer their consent to jurisdiction and a knowing waiver of their constitutional due process rights. In a case like this where there is no consent by one party, that clause can't be enforceable. Enforcement would be unreasonable. Can I ask you a quick question? I'll confess. I think Mr. Lake's strongest argument. Well, let me just ask you this. Do you acknowledge that the terms pursuant to sort of ordinary interpretive principles, that the terms we and our must mean the same thing throughout this agreement? I think if you want to take that tack, you've got to deal with Rucker v. Oasis Legal Financing, which says that a form selection clause is dealt with as a separate contract. And I also believe that in every case that has determined one of these floating form selection clauses is assignable, to the extent that I've read them, it clearly states us or our assigns. Further, Judge, if they had wanted to write we, us, our, or our assigns on page one of the agreement, they could have done that, but they didn't. Well, I guess the reason I'm asking is that if we and our don't mean, don't include assignees, then I think in terms of the substantive provisions of this contract, you may be like without some of the rights you thought you might otherwise have, like exclusivity rights, rights to payment, because those are guaranteed to you as against we or us, right? Judge, I accept that that is their strongest argument. However, I think that the contract language is clear. And if they, for example, in that first sentence of the form selection clause, they say you or your owners, you and your owners, a variant of that four times. If they had wanted to say we or our assigns, they could have done it, but they chose not to. But so you, I guess you're willing to kind of like, to win the form selection clause battle, you're willing to lose the war of like whether you're going to have any enforceable rights against the collective we, the royal we, in the substantive provisions of the contract? Or are you saying like, no, no, no, I just want you to hold that we means not to include assigns in the form selection clause, but yes to include assigns in the substantive provisions? Judge, right now I think that two things. Number one, I don't think that substantive questions are before this court because the substantive questions haven't been reached in the Northern District of Alabama. And they are being reached, as this court knows, in the District of Connecticut where that case has continued to run apace. For example, the dispositive motion briefing is over. There was a summary judgment hearing two weeks ago. And that case is already very far down the road, deciding the substantive issues. This, as you know, came up on a Rule 12 motion to dismiss with really no record or no time to develop it. And, Judge, I really do think that under Rucker v. Oasis Legal Financing, this is a separate question than the substantive underlying deal. Maybe I've misread Rucker, but I guess I read Rucker as like a severability issue or something, not that you would actually construe terms within the four corners of a single document to mean different things on different occasions. Is that a fair reading of Rucker? Judge, I think your reading is fair. But in this case, I think it's flawed because what we've got, if you look at the first principles of why forum selection clauses are enforceable, they're enforceable because both sides of a deal decide, okay, we are going to resolve these disputes typically in, you know, for example, if the clause had said every case that has other than federal statutory jurisdiction must be decided by the circuit court of Shelby County, Alabama. That's a pretty clear mandatory forum selection clause. This case doesn't have that. And one of the real issues, I believe, is that in this race to the courthouse where Shelby County Circuit Court was the chosen forum by AFC franchising, you've got, I believe, a party trying to enforce a forum that wasn't conceivable to either side at the start of the deal. I mean, obviously, it wasn't Mr. Perugin that didn't consent to it. What about his observation that maybe Doctors Express never assigned but just moved? Yeah, Judge, I think if you look at the plain language of the section 19.7, which says within which such state or judicial district in which we have our principal place of business at the time the action is commenced, right? So that's something that the plain language of the contract contemplates. But I thought, I guess, the reason I asked the question is that I thought you just said that an Alabama forum wasn't possibly within anybody's conception. And I guess that sort of, at least the strong version of that argument would be that Doctors Express can't even move. That's the maximalist position, but I don't think that the contract supports that reading. I think it does support our reading, which is much more modest. Gotcha. So Judge Carnes was on a panel that issued a per curiam decision, I think it was last Monday, the Gulfstream Aviation case that said, long story short, if you want certain rules to apply to the handling of your arbitration, the contract must say so clearly and unmistakably. I think it's the same rule here. This would be if this court accepted the appellant's position. It would be, I think, far beyond any other court of appeals, certainly, but also beyond other state courts, intermediate courts, intermediate appellate courts that have reached this conclusion based on the plain language of the contract that says, yeah, of course you can enforce this as an assignee because it says that this provision could be used in the state of an assignee and where their principal place of business was at the time of the dispute. The contract doesn't say that here. Can I ask you one more and then I promise I'll shut up? What about if the shoe were on the other foot? Doctors Express has not assigned, but you have. Like, you assign your rights under the contract. Would your assignee or assignee or however we say it, however fancy lawyers say it, have been required to litigate in Maryland? Because that was the royal you? Judge, so under that hypothetical, first of all, who sues who, right? If Peruginan is sued, I think that their position is clause number two, which makes this permissive, is that Doctors Express can sue Peruginan in any number of states, right? So they can sue him in New York where he is domiciled, New York and Connecticut where he has franchisees or franchises. Then I think that, as I read it, you would have to be Mr. Peruginan or his owners because under the contract it says you and your owners, you or your owners. And also further, Judge, later in the contract you'll see this wasn't freely assignable as to Mr. Peruginan. I see. Right? But so any assignment? Yeah. So they control the terms of the deal at that point, whereas, you know, my colleague on the other side says, well, it was bargained for twice. Well, it was bargained for between Mr. Peruginan and Doctors Express in the first instance and then not again with Mr. Peruginan at all. So just so I'm clear, I don't think I realize this, what's the provision of the contract that says that Peruginan can't assign his interest under the contract? I can't remember the number off the top of my head. I thought kind of everybody could assign their rights. No, it is a transfer by us is 15.1 and I think by you is 15.2 and it's more limited. Okay. So your position basically would be that any assignment, either by them under a broad assignment authority or by Peruginan under a narrow assignment authority, basically voids the forum selection clause. Because at that point, we no longer have you and we. Those parties have gone away and there's no longer a meeting of the minds between the original you and the original we. I think that's right. Got it. Okay. But again, if they consented to the transfer or if, for that matter, Mr. Peruginan had consented and bargained for something in the transfer, then maybe that changes the analysis. But right now, we're left with a situation where the words as they are written on the page, we, us, and our refer to Doctors Express Franchising and DRX or AFC Franchising or any other intermediate assignee. It's pretty clear. We, us, and our is we, us, and our. And, you know, as I believe I've said, but I would like to reiterate, this would put the 11th Circuit pretty far on the edge of forum selection clause jurisprudence. I think this case has got real vehicle problems to do that. So the contract language, first of all, doesn't read like Aliano Brothers or any of those other Norvergence cases which says us or our assignee. And I believe every clause, every court that has enforced it has had that clause. Yeah, but that's not the same thing as a decision wouldn't have enforced it but for that clause. Yes, Judge. I agree. Do you have a circuit, federal circuit court that deals in decision that goes the other way on these facts? It's where it goes the other way. There's no assignment mentioned in the forum selection clause and they hold in your favor. No, Judge. We don't have one of those but we do have several courts who even when or our assignee was expressly stated, the courts still have refused to enforce that clause. I thought they were district court decisions as opposed to court of appellate decisions. That's correct, Judge. They are. They're both state appellate courts and federal district courts. So I think that under these facts, the vehicle problems are pretty obvious because the parallel litigation in Connecticut is trial ready and- Is there anything in this case that is resolved up there? Judge- At issue up there? No, Judge. My impression is that that case and this case present and obviously I am not counsel in the Connecticut case so I could be- I understand. Missing that. However, I think that that case is going to resolve all the issues that this case presents on the substantive manner. Yeah. And that case's discovery is closed. Substantive motion deadlines have already passed. The court's had a summary judgment hearing. So this is a race to judgment issue? It could be, Judge. Obviously, Judge Joe Flatt, I don't know when that court will set a trial date but it is conceivable, I guess, that that court could go ahead and have a trial before this panel issues its opinion. It's also conceivable, Judge, that we could end up with different substantive results if this case gets remanded to the district court in the Northern District of Alabama and has to run on a parallel track. At that point, we've got to figure out, well, who's going to get there first or does the case need to get transferred and consolidated? Did that answer your question? Yeah. Okay. And, Judge, I think that if we return back to the first principles, right, consent and a knowing waiver, you've got to have consent to this clause. And if it's, you know, two, three, or four assinees away, then that really breaks the chain of consent. As Mr. Clement said, that's sort of the circuit breaker. So to sum up, I think the district court should be affirmed, first of all. But if the district court doesn't get affirmed, then we need to go back and have that discussion about whether a 1404A motion is proper in this case or how to resolve the dispute between the Northern District of Alabama and the District of Connecticut for where the forum is. If there are no further questions from the panel, I'll yield the balance. Yeah, very well. As Judge Edmondson used to say, splendid. Mr. Leek, you've got two minutes remaining. Thank you, Judge. And I'll address those 1404A issues first. Based upon comments by the judge, both in the record and in change, that case will be transferred to Birmingham based upon what the 11th Circuit does. She's going to defer. So we believe whatever happens here is going to be dispositive. The other thing I'd like to point out, Judge, is under IFC credit, taken as a whole, if you look at Judge Posner's comments, he recognizes that with respect to a forum selection clause, you should treat it as any other contractual provision and enforce it unless there is fraud, mistake, overreaching, or fundamental unfairness. Freedom of contract requires no less. It should be accorded the same presumption of validity as attends the price, quantity, and other terms normally found in the contract. Parties to contracts are not benefited by rules that make assignment burdensome. So we think whether it deals with personal jurisdiction or not, it should be treated just as the rest of the contract and should not be selectively taken out of context to state that, well, while every other provision applies to we, us, our, that one doesn't because you didn't put we, us, our or our signees. As I said, it's either the whole contract is assigned or none of it is assigned. And they really want to sort of have their cake and eat it too. We want to enforce these provisions against you, AFC, as we, us, our, but you can't enforce that provision as we, us, our because, quote, we didn't contemplate going to Alabama. When they just admitted, yeah, it was contemplated. We could contemplate going to Alabama because if Doctors Express had just moved, yeah, they can't make that argument. They cannot make the same argument that they're trying to make here today if it was just Doctors Express. So in a valid contract assignment, why should they be allowed to make the same argument as to a valid assignee which they've done business with for years? And I'm finished. Okay, very well. Thank you so much. Well done on both sides. We'll submit that case, move to the next.